ADARINE MADDOX *v.* WARREN McCALLIS ET AL.

**Wills—Specific Legacy—Time of Payment.**
    If no time is fixed for the payment of a specific pecuniary legacy, it shall be paid one year after the testator's death, and carry interest after due.

**Legacy—Contingent Payment—Reasonable Time to Make Sale.**
    Where the payment of a legacy is contingent upon the sale of the property of the testator, the administrator should be allowed a reasonable time within which to make it.

**Same—Interest, Charged to Executor.**
    Interest due on a legacy is chargable to the executor and not the estate of the testator.

APPEAL FROM TRIMBLE CIRCUIT COURT.

January 8, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Richard Maddox died in the year 1858, testate, by his will he directed "all my (his) property both personal and real to be sold and *out of the proceeds,* I give my daughter Adarina Maddox twenty three hundred dollars, the remainder I give to my wife during her natural life, and after her death it is to to my son John William.

The executor H. M. Gassam proved the will and qualified under it at the September term of the county court 1858, notwithstanding the opposition of the widow it was adjudged to be the testator's last will.

The surviving wife renounced the will.

The executor filed a bill October 11, 1858, to have the will construed and the rights of the parties adjudged under it, making all persons interested parties. Gassom was also left as testamentary guardian to Adarina then a minor, he qualified as guardian at the same term he had the will recorded.

The suit progressed until at the May term 1864 of the Trimble

Circuit Court a specified commissioner reported the assets and liabilities of the personal estate of the testator at the executor's hands,

Assets at ................................... $3,018.36
Liabilities ..................,... ................ 1,498.58

Balance on hand ................................ $1,519.78
These assets included rents for the years 1859, 60, 61, 62 and 63 of the farm, $681. 75 and the proceeds of house and lot in New Port $800.

There was a farm incumbered with a vendor's lien of $1907.25, this farm was adjudged to be sold after partitioning to the widow her dower, subject to said incumbrance which was done September 12, 1864, at the price of $2,500.

At the October term 1865, the purchase money for the farm being collected, the court adjudged the then remaining vendor's lien to be satisfied, it being $1,252, costs of suit $247.80 and that there be paid to Gassam, guardian to Adarina $781.50, which with the balance of personalty found in his hands by the report of May, 1864, of $1,519.78 made her legacy of $2,300, leaving but a small pittance to Adarina's half brother, younger than herself. It is sought to reverse this judgment because interest was not allowed on her legacy from one year after testator's death. The language of *Sec. 2, Chap. 46, 2 Stant. Rev. Stat. 2,* is as follows:

*"If no time is fixed for the payment of a* specific pecuniary legacy it shall be payable one year after the testator's death and carry interest after due."

The testator here did not contemplate the payment of the legacy until after a sale of the property for it is to be paid out of the *"proceeds"* of the sale, when the sale was to be he did not specify, therefore, the executor should be allowed a reasonable time to make it.

If he unnecessarily begun, or protracted the litigation, or delayed the sale he must answer to his ward, Adarina, for that, but, she cannot injure her younger half brother by swallowing up the entire estate in annual interest.

If the remainder of $1,519.78, in Gassam's hands, in May 1864, be regarded as *"proceeds"* of sales, and so far due her, as he was then guardian this fund should be regarded in his hands as such and not as executor, and she should look to him for

the annual interest thereon. As, the executor has been charged with no interest for funds in his hands in favor of the estate there is nothing to authorize interest to be charged against it in Adarina's favor.

If she has been injured by the action of her guardian, who was also sole executor, she must look to him but cannot be allowed to absorb all the estate by accumulated interest, leaving nothing to her minor half brother. As the surviving wife and her subsequent husband do not complain we need not inquire into any possible error which exist as to them.

Wherefore the judgment is *affirmed*.

*Winslow, for appellant.*

*Rodman, for appellee.*